ON PETITION FOR REHEARING
PER CURIAM:
In response to the petition for rehearing, the following substitutions are made in the opinion published at 704 F.2d 829.
In Part I, the second sentence of the first paragraph and footnote 1 are withdrawn. The fourth sentence of that paragraph is revised to read as follows: “In addition to other changes, the Motor Carrier Act lifts a number of the restrictions on the operations of motor contract carriers in order to make that part of the industry more competitive.[1]
*12 Cong. & Ad.News 2283, 2304-05. E.g., the Act permits a carrier to operate in both a contract and common carrier capacity and prevents the Commission from limiting contract carrier operations to a particular industry or a particular geographical area or to the service of a particular number of shippers. Before the Act was passed, the Commission had already made liberalizing changes in its regulations, including elimination of its criterion that a contract carrier could not serve more than eight shippers. Ex parte No. MC-119, Policy Statement Regarding the “Rule of Eight” In Contract Carrier Application, 44 Fed.Reg. 2470 (1979), petition for review denied sub nom. Regular Common Carrier Conference v. United States, 628 F.2d 248 (D.C.Cir.1980).
The last two sentences of the first paragraph of Part I are withdrawn, so that the paragraph ends with the sentence, “Corollary to this expansion of contract carriage, the Act provides a means by which motor common carriers can challenge the bona fides of a contract carrier’s operations.”
Footnote 9 is added to the third sentence of the last paragraph of Part I after the phrase reading, “They point out that motor carrier contracts are not required to be filed with the Commission,[9] ...”
In their application for rehearing, the petitioners note that our opinion overstates the Commission’s commitment to permitting discovery of motor carrier contracts in a proceeding to test the contracts’ adherence to statutory and regulatory requirements. The petitioners point out that the Commission must authorize discovery of motor carrier contracts in complaint proceedings brought pursuant to 49 U.S.C. § 10925(e) and that the Commission has in the past denied discovery. They insist that the Commission has not stated unconditionally that it will allow them discovery. Should the Commission refuse to approve discovery, its decision would be reviewable by us only for an abuse of discretion. 5 U.S.C. § 706(2)(A) (1976). The Commission responds that motor carrier contracts are not confidential and that, should the petitioners file a complaint under 49 U.S.C. § 10925(e), they may seek to discover the contracts under the Commission’s discovery regulations, 49 C.F.R. § 1114 (1982). At this stage, we need not speculate on the Commission’s response to an unfiled discovery request, and it would be inappropriate to make that speculation the basis for overturning the Commission’s approval of these contract carrier applications. If there is a reasonably founded complaint that the contract carriers’ operations do not conform to the statutory and regulatory requirements, we must assume that the Commission will not withhold discovery calculated to determine whether or not such abuse exists.
Accordingly, the petition for rehearing is DENIED.

 For a description of the changes the Act introduced, see H.R.Rep. No. 1069, 96th Cong., 2d Sess. 22-23, reprinted in 1980 U.S.Code

 Ex Parte No. MC-9 (Sub-No. 1), Filing of Contracts by Contract Carriers by Motor Vehicle (not printed), served Sept. 3, 1980. The Commission explained, “[T]he policy of protecting the common carrier ... has been replaced by a policy which fosters, encourages, and enhances competition between carriers and between modes_ Accordingly, we no longer see any basis for continuing the contract filing requirement as a ‘protection’ for motor common carriers.” Id. at 2-3.